```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION

SENTRY INSURANCE, A MUTUAL      §
COMPANY,                        §
                                §
     Plaintiff-                 §
     counterdefendant,          §
                                §
                                § Civil Action No. 3:04-CV-1043-D
VS.                             §
                                §
DFW ALLIANCE CORP., et al.,     §
                                §
     Defendants-                §
     counterplaintiffs.         §
```

MEMORANDUM OPINION
AND ORDER

Treating defendant-counterplaintiff DFW Alliance Corporation's ("DFW's") March 1, 2007 motion "for new trial" as a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment, *see St. Paul Mercury Insurance Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997), the court denies the motion.

DFW seeks relief from the court's memorandum opinion and order granting summary judgment in favor of plaintiff-counterdefendant Sentry Insurance, A Mutual Insurance Company ("Sentry"). *Sentry Ins. v. DFW Alliance Corp.*, 2007 WL 507047 (N.D. Tex. Feb. 16, 2007) (Fitzwater, J.). It contends that the court erred in holding—based solely on the facts alleged in the underlying complaint, which the court accepted as true—that Sentry had demonstrated based on the "known loss" doctrine that it was entitled to summary judgment that it had no duty to defend DFW. DFW does not disagree with the court's application of the "eight

corners rule" in addressing whether the "prior publication" exclusion applied to relieve Sentry of the duty to defend DFW in the underlying litigation. It argues, however, that adherence to the "eight corners rule" when applying the "known loss" doctrine was error. DFW maintains that a "known loss" bar to the duty to defend is distinct from the threshold question whether a duty to defend from the "eight corners rule" exists in the first instance. It points to the rule that an insurer has no duty to indemnify until the liability of the insured is actually established through adjudication of the merits of the underlying case, arguing that, in the same way, having established the duty to defend by the "eight corners rule," such a defense is barred only upon actually establishing a known loss.

At the outset, the court notes that it did not hold in its memorandum opinion and order that DFW had established under the "eight corners rule" that Sentry had a duty to defend. In Sentry's summary judgment motion, it argued that any duty to defend DFW was barred by the "prior publication" doctrine or, alternatively, by the "known loss" doctrine. The conclusion that either doctrine applied would have relieved Sentry of a duty to defend. Accordingly, the court conducted its analysis of both the "prior publication" doctrine and the "known loss" doctrine under the standard applicable to duty-to-defend cases: the "eight corners rule."

- 2 -

DFW's citations to *Lennar Corp. v. Great American Insurance Co.*, 200 S.W.3d 651 (Tex. App. 2006, pet. pending), and *Burch v. Commonwealth County Mutual Insurance Co.*, 450 S.W.2d 838 (Tex. 1970), for the proposition that Sentry was required to establish a "known loss" are therefore inapposite, because neither addresses the duty to defend.  As DFW acknowledges, the standard for whether there is a duty to indemnify is different from the standard for whether there is a duty to defend.  *See, e.g., Comsys Info. Tech. Servs. Inc. v. Twin City Fire Ins. Co.*, 130 S.W.3d 181, 190 (Tex. App. 2003, pet. denied) ("Unlike the duty to defend, the duty to indemnify is based on facts proven, not on pleadings." (citing *Pilgrim Enters., Inc. v. Maryland Cas. Co.*, 24 S.W.3d 488, 492 (Tex. App. 2000, no pet.)).  In duty-to-indemnify cases it is appropriate for the court to consider evidence outside the "eight corners."  *Id.*  But an insurer's duty to defend is determined by the "eight corners rule," which requires that the court examine *solely* the allegations in the pleadings of the underlying lawsuit in light of the policy provisions, regardless of the truth of the allegations.  *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006); *Two Pesos, Inc. v. Gulf Ins. Co.*, 901 S.W.2d 495, 499 (Tex. App. 1995, no writ); *Feed Store, Inc. v. Reliance Ins. Co.*, 774 S.W.2d 73, 74-75 (Tex. App. 1989, writ denied) (under the "eight corners rule," court "cannot consider anything outside (a) the policy and (b) the pleadings,

even if there is evidence tending to show the suit is utterly specious.")

DFW cites no Texas case that holds that application of the "eight corners rule" is improper in the context of the "known loss" doctrine. The only cases this court could locate that have addressed the evidence that was properly considered in assessing the "known loss" doctrine in the context of a duty-to-defend case did, in fact, limit their inquiry by the "eight corners rule." *See Warrantech Corp. v. Steadfast Ins. Co.*, 210 S.W.3d 760, 766 (Tex. App. 2006, pet. filed) ("Application of the fortuity doctrine in the duty-to-defend context is resolved by the eight-corners rule; 'we focus only on those facts that are alleged in the pleadings in the underlying lawsuit.'" (quoting *Burlington Ins. Co. v. Tex. Krishnas, Inc.*, 143 S.W.3d 226, 230 (Tex. App. 2004, no pet.))); *Tex. Krishnas, Inc*. 143 S.W.2d at 230 ("Coverage is precluded in situations that involve a known loss as well as a loss in progress . . . . Again, because we are dealing with the duty to defend, not the duty to indemnify, we focus only upon those facts that are alleged in the pleadings in the underlying lawsuits." (citations omitted)); *Scottsdale Ins. Co. v. Travis*, 68 S.W.3d 72, 75-76 (Tex. App. 2001, pet. denied) (looking to allegations of underlying complaint to determine whether insured's conduct began before inception of insurance policy); *E & L Chipping Co. v. Hanover Ins. Co.*, 962 S.W.2d 272, 276 (Tex. App. 1998, no pet.) ("In seeking to

determine the applicability of [the "known losses" or "losses in progress"] doctrines to the instant case, we turn once again to the eight corners rule.  In so doing, we restrict our review to the insurance policy and the underlying pleadings, and again point out that the facts, as pleaded, evidence property damage occurring during the policy period as required by the policy.")

Furthermore, the fact that DFW disputed whether it had knowledge of any known loss is irrelevant to the court's inquiry. "When reviewing the pleadings, the facts alleged by the underlying plaintiff must be accepted as true for the purposes of determining coverage."  *Koenig v. First Am. Title Ins. Co. of Tex.*, 209 S.W.3d 870, 873 (Tex. App. 2006, no pet. h.) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997)).  "'The duty to defend is not affected by facts ascertained before suit, developed in the process of litigation, or by the ultimate outcome of the suit.'"  *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 829 (Tex. 1997) (quoting *Am. Alliance Ins. Co. v. Frito-Lay, Inc.*, 788 S.W.2d 152, 154 (Tex. App. 1990, writ dism'd)).  The actual outcome of the underlying litigation should not be considered. *Koenig*, 209 S.W.3d at 873 (citing *State Farm Lloyds v. Kessler*, 932 S.W.2d 732, 736 (Tex. App. 1996, writ denied)).

By its present motion, DFW essentially asks the court to apply an exception to this duty-to-defend case and require that Sentry

- 5 -

establish, by evidence beyond the pleadings and insurance policy, that it did not have this duty.  Because DFW was ultimately absolved of all liability in the underlying litigation, its argument for departing from a strict application of the "eight corners rule" has some appeal.  But this court is obligated in this diversity case to apply Texas law, not to extend it in circumstances where it is unable to predict that the Supreme Court of Texas would do so.  The Texas Supreme Court has not yet recognized an exception to the "eight corners rule" in the context of the duty to defend.  *See, e.g.*, *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 530 (5th Cir. 2004); *GuideOne Elite Ins. Co.*, 197 S.W.3d at 306-07; *Landmark Chevrolet Corp. v. Universal Underwriters Ins. Co.*, 121 S.W.3d 886, 890 (Tex. App. 2003, pet. filed).  This court has no reliable basis to predict that the Texas Supreme Court would make an exception to the "eight corners rule" in cases, like this one, where the outcome of the trial is different from the factual allegations of the underlying complaint.  *See Northfield Ins. Co.*, 363 F.3d at 531 (making *Erie* guess that the Texas Supreme Court would not recognize any exception to the strict "eight corners rule").  Although in some instances the rule, as here, redounds to the benefit of the insurer, it would appear that in operation it more frequently benefits the insured, who is entitled to a defense regardless of the truth of the allegations in the underlying complaint.  For

example, the Texas Supreme Court has rejected the use of "overlapping [extrinsic] evidence as an exception to the eight-corners rule because it poses a significant risk of undermining the insured's ability to defend itself in the underlying litigation." *GuideOne Elite Ins. Co.,* 197 S.W.3d at 309. Texas may therefore decide that an unflinching rule that in most instances achieves its intended effect should not be altered on the basis of sporadic instances where it does not.

The court concludes that DFW's other arguments do not warrant altering or amending the judgment or merit discussion.

Accordingly, DFW's motion March 1, 2007 motion to alter or amend the judgment is denied.

**SO ORDERED.**

March 6, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE